**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE PLAYPEN ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PLAYPEN CHICAGO, LLC and <br> RICK PETRICCA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 24-cv-5497 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

Plaintiff The Playpen Enterprises, LLC brings this action against Defendant The Playpen Chicago, LLC, a copycat venture that has infringed Plaintiff's protectable rights in several trademarks, launched a rival online business using an intentionally confusing domain name, and attempted to weaponize a registered trademark obtained on the basis of demonstrably false representations to the United States Patent and Trademark Office. Plaintiff also brings claims of unfair competition and deceptive trade practices under Illinois law.

## **PARTIES**

1. Plaintiff The Playpen Enterprises, LLC ("Playpen" or "Plaintiff") is a limited liability company organized under the laws of Illinois.

2. Playpen operates www.theplaypen.com, an online marketplace and social network that enables users to socially connect with boat owners, learn about and attend boating events, and arrange outings and excursions in the Chicagoland area.

3. Playpen also advertises boating events and produces branded merchandise.

4. Since at least as early as March of 2022, Playpen has openly used www.playpen.com and the mark PLAYPEN. Playpen has also used the mark FIND YOUR FRIEND WITH A BOAT in connection with its business since July of 2023.

5. Defendant The Playpen Chicago, LLC ("TPC") is a limited liability company organized under the laws of Illinois.

6. Defendant Rick Petricca is the self-described founder and chief executive officer of TPC. He is an Illinois resident and resides in this District.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1367.

8. This Court has original jurisdiction to hear Plaintiff's claims under the Lanham Act.

9. Because it arises from the same set of operative facts as its Lanham Act claims, this Court has supplemental jurisdiction to hear Plaintiff's related state law claims.

10. TPC is an Illinois limited liability company with its principal place of business in Illinois, and this court may therefore exercise general personal jurisdiction over TPC.

11. Rick Petricca is an individual domiciled in Illinois.

12. Venue is proper in this district under 28 U.S.C § 1391(c)(2) in that TPC is a corporate defendant subject to personal jurisdiction in this District. Furthermore, this forum is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

Playpen Establishes Its Business And Uses The PLAYPEN and FIND YOUR FRIEND WITH A BOAT Marks

13. In January of 2022, Plaintiff registered the domains www.theplaypen.com and www.chicagoplaypen.com.

14. By approximately March 2, 2022, www.theplaypen.com was operational, facilitating connections between boat owners, captains, and customers. For its part, www.chicagoplaypen.com redirects users to www.theplaypen.com.

15. www.theplaypen.com advertises itself as a social network and uses the tagline "Find Your Friend With A Boat."



16. Playpen's "newsfeed" operates much like other social networks and permits users to post messages and have conversations about boat trips, parties and other events.



17. Registered users can also browse boats advertised by owners and captains as being available for hire.



18. Playpen has also launched applications for download on the Apple and Google Play stores.

19. Playpen advertised online using the PLAYPEN mark throughout 2022.

20. Playpen began using the FIND YOUR FRIEND WITH A BOAT mark on www.theplaypen.com in July of 2023.

21. In May of 2022, Plaintiff launched an Instagram account for Playpen under the handle PlaypenChicago.

22. Playpen also operates an online store, through which it sells assorted merchandise, such as t-shirts and hats.

23. Playpen's merchandise prominently displays the PLAYPEN mark, as well as the word "Chicago."



24. Playpen gained traction in the market throughout 2022, and by the end of 2023 had thousands of users.

25. Since the end of 2023, Playpen has continued to grow and has since tripled its user base.

Petricca Joins www.playpen.com And Creates TPC, A Clone Of Playpen

26. On November 29, 2022, Petricca created an account on www.theplaypen.com under the username "Playpenpapi."

27. The very next day, Petricca registered or caused to be registered the domain www.theplaypenchicago.com.

28. Three weeks later, on December 21, 2022, Petricca organized TPC and filed articles of organization for the company with the Illinois Secretary of State.

29. TPC and www.theplaypenchicago.com are little more than clones of Playpen and www.theplaypen.com.

30. Like Playpen's original site, www.theplaypenchicago.com also hosts a "Community" centered around a "newsfeed," where users post in search of boats and/or passengers.



6

31. TPC's "Community" advertises a "Boat Outing Seekers" section, as well as an "Events" section.

32. Petricca copied both the "Boat Outing Seekers" and "Events" sections from Playpen, which used both terms first in its own community pages.

33. Like Playpen's original website, www.theplaypenchicago.com offers users the option to "BOOK A BOAT" or "SHOP MERCH."



Petricca And TPC Infringe Playpen's PLAYPEN And FIND YOUR FRIEND WITH A BOAT Marks

34. www.theplaypenchicago.com prominently displays the PLAYPEN mark throughout its various pages.



35. The merchandise that TPC markets on www.playpenchicago.com also prominently displays the PLAYPEN mark and "Chicago."



36. In November of 2022, Petricca established an Instagram account for TPC under the username "theplaypenchicago."



37. Posts on the "playpenchicago" Instagram account use language confusingly similar to Playpen's "FIND YOUR FRIEND WITH A BOAT" mark.



Petricca Fraudulently Registers The THE PLAYPEN Mark

38. On July 26, 2023, TPC filed an application (the "Application") under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), seeking registration of the mark THE PLAYPEN for "advertising, marketing, and promotion services" in Class 35.

39. In the Application, TPC claimed that its first use of the THE PLAYPEN mark was on May 13, 2023.

40. Despite having actual knowledge of Playpen and its use of the PLAYPEN mark in connection with services *identical* to those of TPC as listed in the Application, Petricca instructed TPC's attorney of record to sign the Application on TPC's behalf.

10

41. The Application included the following declaration:

To the best of the signatory's knowledge and belief, **no other persons**, except, if applicable, concurrent users, **have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive**.

(emphasis added).

42. On March 5, 2024, the United States Patent and Trademark Office issued a Registration Certificate to Registrant for Registrant's Mark.

43. TPC has since applied for other similar trademark registrations despite having full knowledge that Plaintiff first used the relevant mark in commerce.

<u>TPC Unfairly Competes With Playpen</u>

44. TPC's flagrant copying of Playpen's business has caused considerable confusion among consumers and business partners.

45. In June of 2024, a user posted a message on TPC's community advertising that he had "room for 10" on his boat and was seeking passengers for an outing.

46. The user included a picture in which boaters displayed *Playpen's* logo printed on a towel.

47. On information and belief, the user intended to post the message on Playpen's community, but was confused by TPC's appropriation of Playpen's marks and business model generally.



48. Indeed, local businesses, brands, and individual users that have participated in Playpen events or organized excursions through Playpen have repeatedly publicized their positive experiences, but mistakenly attributed their outings to TPC.

49. Upon being informed of their mistake, these Playpen customers frequently express confusion and state that they understood TPC to be the same entity as Playpen.

50. Alarmingly, on June 26, 2024, an Instagram user posted a story on the platform tagging and directed at the Playpen's "playpenchicago" Instagram handle.

51. The Instagram story demanded that Playpen "acknowledge the deaths at your events or I'll take your website and not let it go until you do" and used defamatory language to describe Playpen.



52. The alleged deaths to which the Instagram post referred allegedly occurred on the same day as events put on by TPC, *not* Playpen. This confusion, without question, harms Playpen's goodwill.

53. Armed with its fraudulently obtained trademark, TPC, through Petricca, began attempting to force Playpen from the market.

54. On April 23, 2024, Petricca sent Playpen a letter (the "Demand Letter") claiming that Plaintiff had infringed TPC's registered trademark THE PLAYPEN.

55. In the Demand Letter, Petricca and TPC demanded that Playpen "immediately cease and desist in any further use of 'THE PLAYPEN' in association with the marketing, sale, distribution, or identification of your products or services."

56. Petricca and TPC also threatened in the Demand Letter that it would commence litigation against Playpen if it did not accede to TPC's demands.

57. Playpen responded with a letter of its own, alerting Petricca and TPC that TPC was in fact infringing *Playpen's* protectable trademark rights.

58. Petricca and TPC also filed a complaint with Google alleging that Playpen's advertising on Google platforms infringed on TPC's fraudulently obtained registered trademark.

59. As a result of the complaint, Google suspended Playpen's Google Ads account, prohibiting Playpen from advertising to Google users using the PLAYPEN mark, and suspended Playpen's use of the www.theplaypen.com and www.chicagoplaypen.com domains in Google browsers.

60. Despite being on notice of its infringing behavior, TPC continues to use both THE PLAYPEN and FIND YOUR FRIEND WITH A BOAT in connection with www.theplaypenchicago.com, which offers identical services to those of Playpen and www.theplaypen.com and thus directly competes with Playpen.

**COUNT I: TRADEMARK INFRINGEMENT**
15 USC § 1125(a)(1)(A): Lanham Act § 43(a)
(Against All Defendants)

61. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully restated herein.

62. Plaintiff possesses protectable common law trademark rights and rights granted through state registrations in the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks.

63. Plaintiff has used the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks in a continuous and uninterrupted bona fide fashion in connection with its business since, at the latest, March of 2022 and July of 2023, respectively.

64. TPC has used both the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks as the junior user in connection with its business, which offers services substantively indistinguishable from those of Plaintiff's own business.

65. Below is Petricca's Instagram post announcing the creation of his competing company, dated April 30, 2023.



66. In that post, Petricca introduces his new, competing business and seeks assistance building a brand.

67. As such, TPC's use of Plaintiff's PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks is likely to cause confusion among consumers, who are likely to believe that TPC is connected to, related to, or the same entity as Plaintiff.

68. Petricca, as the owner and CEO of TPC, knowingly, willfully, and intentionally caused TPC to infringe on Plaintiff's protectable trademark rights in the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks.

**WHEREFORE**, Plaintiff The Playpen Enterprises, LLC respectfully requests damages to be proved at trial, including, but not limited to, (1) the gross sales earned by Defendant The Playpen Chicago, LLC as the result of its unlawful use of the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks, (2) damages and lost profits sustained by The Playpen Enterprises, LLC as the result of The Playpen Chicago, LLC's unlawful use of the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks; (3) enhanced damages of up to three times The Playpen Enterprises, LLC's actual damages pursuant to 15 USC § 1117(a); (4) costs incurred by The Playpen Enterprises, LLC in bringing the instant action; including attorneys' fees pursuant to 15 USC § 1117(a); (5) a permanent injunction barring Defendants' continued use of the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks, including any use of its PLAYPEN-branded social media accounts; and (6) any further relief deemed appropriate under the circumstances.

### COUNT II: CYBERSQUATTING
15 USCS § 1125(d)(1)(A): Lanham Act § 43(d)
(Against All Defendants)

69. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully restated herein.

16

70. One day after registering as a user of www.theplaypen.com, Petricca registered or caused to be registered the domain name www.theplaypenchicago.com on behalf of TPC and for use in connection with TPC's business.

71. www.theplaypenchicago.com is confusingly similar to Plaintiff's PLAYPEN mark, including as it is used in Plaintiff's www.theplaypen.com domain name.

72. Petricca, as a registered user of www.theplaypen.com, was aware of Plaintiff's use of its PLAYPEN mark, including its use and appearance in the www.theplaypen.com domain name.

73. Petricca and TPC acted with a bad faith intent to profit from the PLAYPEN mark and the consumer confusion caused by their use of the PLAYPEN mark in the www.theplaypenchicago.com domain name.

**WHEREFORE**, Plaintiff The Playpen Enterprises, LLC respectfully requests an order mandating the permanent forfeiture by Defendants The Playpen Chicago, LLC and Rick Petricca of the domain name www.theplaypenchicago.com.

**COUNT III: FRAUDULENT REGISTRATION**
15 USCS § 1120: Lanham Act § 38
(Against All Defendants)

74. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully restated herein.

75. Petricca caused TPC to file its Application seeking registration of the mark THE PLAYPEN on July 26, 2023, over a year after Plaintiff began using the PLAYPEN mark in connection with www.theplaypen.com and Plaintiff's business in March of 2022.

76. When it filed the Application, TPC had actual knowledge of Plaintiff's preexisting and continuous use of the PLAYPEN mark in connection with www.theplaypen.com and Plaintiff's business.

77. As a registered user of www.theplaypen.com, Petricca and TPC had actual knowledge of Playpen's preexisting and continuous use of the PLAYPEN mark in connection with www.theplaypen.com and Playpen's business.

78. Petricca and TPC also had actual knowledge of the similarities between the respective services offered by The Playpen Enterprises, LLC and TPC.

79. Accordingly, Petricca and TPC had actual knowledge that TPC's use of THE PLAYPEN mark is likely to confuse consumers.

80. Nonetheless, on information and belief, Petricca instructed counsel for TPC to represent to the United States Patent and Trademark Office in the Application that, to the best of his and TPC's knowledge, "no other persons…[had] the right to use the [THE PLAYPEN] mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

81. Defendants Petricca and TCP made this false representation with intent to deceive the United States Patent and Trademark Office and induce it to issue TPC a certificate of registration for the THE PLAYPEN mark.

**WHEREFORE**, Plaintiff The Playpen Enterprises, LLC respectfully requests damages to be proved at trial, including, but not limited to, attorneys' fees and other costs incurred by The Playpen Enterprises, LLC in bringing the instant action.

**COUNT IV: UNFAIR COMPETITION (STATE LAW)**

815 ILCS 505/1 *et seq*.: Illinois Consumer Fraud and Deceptive Business Practices Act
(Against All Defendants)

82. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully restated herein.

83. In infringing Plaintiff's protectable trademark rights in the PLAYPEN and FIND YOUR FRIEND WITH A BOAT marks, Defendants Petricca and TPC engaged in a deceptive act likely to confuse consumers by creating the false impression that TPC and its services were provided by or related to Plaintiff.

84. Defendants have attempted to leverage TPC's fraudulently obtained registered trademark to induce advertising platforms into permanently barring Plaintiff.

85. Defendants' conduct with respect to Plaintiff involves trade and commerce.

86. Defendants' unfair competition has been and continues to be intentional, malicious, willful, and wanton.

**WHEREFORE**, Plaintiff The Playpen Enterprises, LLC respectfully requests (1) actual damages to be proved at trial, (2) attorneys' fees and other costs incurred by The Playpen Enterprises, LLC in bringing the instant action; and (3) punitive damages.

**COUNT V: DECEPTIVE TRADE PRACTICE (STATE LAW)**
815 ILCS 510/1 *et seq*.: Illinois Uniform Deceptive Trade Practices Act
(Against All Defendants)

87. Plaintiff incorporates and re-alleges the preceding paragraphs as if fully restated herein.

88. By infringing Plaintiff's protectable trademark rights and operating TPC, Defendants Petricca and TPC have engaged in deceptive trade practices, i.e. causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services in the course of Defendants' business, vocation, or occupation.

89. Plaintiff is likely to be damaged by Defendants' continued unfair competition in the absence of injunctive relief.

90. Defendants' unfair competition has been and continues to be intentional, malicious, willful, and wanton.

**WHEREFORE**, Plaintiff The Playpen Enterprises, LLC respectfully requests (1) a permanent injunction barring Defendants' continued use of the PLAYPEN and FIND YOUR FRIEND WITH A BOAT mark; (2) attorneys' fees and other costs incurred by The Playpen Enterprises, LLC in bringing the instant action; and (3) any further relief deemed appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Dated: June 28, 2024

Respectfully submitted,

**THE PLAYPEN ENTERPRISES, LLC**

By: /s/ *Anthony J. Fuga*
    One of Its Attorneys

Anthony J. Fuga
Maxwell C. Hansen
Holland & Knight LLP
150 North Riverside Plaza, Suite 2700
Chicago, Illinois 60606
312-263-3600
Anthony.fuga@hklaw.com
Maxwell.hansen@hklaw.com